Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com

Attorneys for 21st Century Premier Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | | |
|---|---|---|
| 21st CENTURY PREMIER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:12-cv-_____ |
| LEXINE Z. SMITH, BENJAMIN D. SMITH, AND LEXINE Z. SMITH AND BENJAMIN D. SMITH AS PARENTS AND GUARDIANS OF A.M., A MINOR CHILD, | ) ) ) ) | COMPLAINT FOR <u>DECLARATORY RELIEF</u> |
| Defendants. | ) ) ) | |

21st Century Premier Insurance Company ("21st Century"), by and through

its attorneys, Guess & Rudd P.C., hereby complains and alleges as follows:

Jurisdictional Statement and Background

1. 21st Century is a corporation organized and existing under the laws

of the State of Delaware, with its principal place of business in Wilmington, Delaware.

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 1 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 1 of 8

2.	21st Century is an authorized insurer in the State of Alaska, has paid its biennial corporate tax last due and filed its biennial report for the last reporting period, and has satisfied all other conditions precedent to bringing and maintaining this action.

3.	Upon information and belief, Lexine Smith is a resident of Fairbanks.

4.	Upon information and belief, Benjamin Smith is a resident of Fairbanks.

5.	Upon information and belief, A.M., a minor, is a resident of Fairbanks.

6.	This court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, due to the nature of the claims and allegations discussed herein, and because this dispute is between citizens of different states.

7.	21st Century issued an automobile insurance policy number 2978400 (hereinafter "the Policy") to Lexine and Benjamin Smith (hereafter "the Smiths"). A.M. is a resident of the Smith's household and is the biological son of Lexine Smith, and is therefore an additional insured under the Policy. The Policy was in effect on March 9, 2012. The policy provides for uninsured and underinsured motorist coverage for bodily injury up to $300,000 per person/$300,000 per accident.

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 2 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 2 of 8

8. On March 9, 2012, A.M. was a passenger on a snowmobile being driven by K.N. The snowmobile is registered to Ashley Wallace.

9. K.N. was driving the snowmobile westbound on the south side of the Mitchell Expressway in Fairbanks, Alaska. K.N. was not on the Expressway, but traveling on the right side, off of the highway. Bryan Jordan, operating his Dodge truck, was traveling eastbound on the Mitchell Expressway.

10. K.N. failed to stop before changing directions and attempting to cross the Mitchell Expressway. The snowmobile entered the Expressway directly in front of Mr. Jordan's vehicle and collided with Mr. Jordan's vehicle.

11. A.M. was ejected from the snowmobile and suffered injuries.

12. Upon information and belief, the snowmobile was uninsured at the time of the accident.

13. Upon information and belief, Mr. Jordan's insurance company, USAA, paid liability policy limits of $50,000 to A.M.

14. Following the accident, the Smiths, through their attorney, Zane Wilson, contacted 21st Century to find out whether their son, A.M., was entitled to benefits under the uninsured/underinsured motorist coverage of the Policy.

15. On or about September 12, 2012, 21st Century notified the Smiths, through Zane Wilson, that based on the facts obtained in the course of 21st Century's investigation, there is no Uninsured Motorist Coverage for A.M.'s accident because the

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 3 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 3 of 8

snowmobile does not constitute an uninsured motor vehicle under the Policy. The Smiths, on behalf of A.M., have rejected 21st Century's analysis.

First Claim for Declaratory Relief

16. 21st Century hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 15, as though fully set forth herein.

17. 21st Century's policy No. 2978400 contains an exclusion precluding the recovery of uninsured motorist bodily injury coverage resulting from an accident involving an uninsured motor vehicle that is operated on rails or crawler treads:

The Personal Auto Policy contains the following relevant language under **Part C - Underinsured/Uninsured insuring agreements:**

> **A. Uninsured/Underinsured Motorists Bodily Injury Coverage:** Subject to the Uninsured/Underinsured Motorists Bodily Injury Coverage limit of liability stated on **your Declarations Page**, if *you* pay the premium for Uninsured/Underinsured Motorists Bodily Injury Coverage, *we* will pay compensatory damages that an *insured* is legally entitled to recover from the *owner* or operator of an *uninsured motor vehicle* or *underinsured motor vehicle* because of bodily injury:
>
> 1. Sustained by an *insured*; and
> 2. Caused by an auto *accident* with an *uninsured motor vehicle* or *underinsured motor vehicle.*
>
> ***
>
> **D. *We*** will pay under this **Part C** only after the limits of liability under all applicable liability bonds, policies and self-insurance have been exhausted by payment of judgments or settlements.
>
> ***

Under Part C of the policy, it adds under the caption **Additional Definitions for Part C – Uninsured/Underinsured Motorist Coverage:**

The terms appearing below, when shown in **boldface italics** typeface in **Part C**, are defined as follows:

\*\*\*

**D.** *Uninsured motor vehicle* means a land motor vehicle or trailer of any type:

1. For which there is no policy or bond providing liability coverage at the time of the *accident*.

\*\*\*

However, *uninsured motor vehicle* does not include any land motor vehicle, trailer, or equipment of any type:

\*\*\*

3. That is operated on rails or crawler treads.

18. Because the snowmobile was operating on crawler treads, and because the insuring agreement excludes coverage for losses resulting from an accident involving an uninsured motor vehicle that is operated on crawler treads, 21st Century is entitled to a judicial declaration that it has no duty to provided uninsured motorist coverage under the Policy for the claim asserted by the Smiths on behalf of A.M.

## Second Claim for Declaratory Relief

19. 21st Century hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 18, as though fully set forth herein.

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 5 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 5 of 8

20. 21st Century's Policy No. 2978400 does not provide uninsured motorist bodily injury coverage for an accident involving a snowmobile which is being operated on "crawler treads."

21. AS 28.22.101(e) requires a motor vehicle policy to provide coverage under AS 28.22 201-28.22.231 for "persons insured under the policy who are legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury … arising out of the ownership, maintenance, or use of the uninsured or underinsured motor vehicle." In addition, AS 28.22.201(a)(2) provides that "uninsured and underinsured motorist coverage … must be a single combined coverage."

22. AS 28.90.990(15) defines a "motor vehicle as "a vehicle which is self-propelled except a vehicle moved by human or animal power." AS 28.90.990(26) defines an "underinsured motor vehicle" as "a motor vehicle licensed for highway use with respect to ownership, operation, maintenance, or use for which there is a bodily injury or property damage insurance policy or a bond applicable at the time of an accident and the amount of insurance or bond is less than the amount the covered person is legally entitled to recover for bodily injury or property damage from the owner or operator of the underinsured motor vehicle." There is no separate and distinct definition of an "uninsured motor vehicle" under these statutes.

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 6 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 6 of 8

23. Because uninsured and underinsured motorist coverage operates as a single combined coverage, a snowmobile is properly excluded from uninsured and underinsured motorist coverage under Alaska law because a snowmobile is not a motor vehicle licensed for highway use. Therefore, 21st Century is entitled to a judicial declaration that it has no duty to provide uninsured motorist coverage under the Policy, or pursuant to Alaska law, for the claims asserted by the Smiths on behalf of A.M.

WHEREFORE, 21st Century prays for the following relief:

A. That the court issue a declaratory judgment confirming that the snowmobile in question constitutes an "uninsured motor vehicle" as defined in the 21st Century policy;

B. That the court issue a declaratory judgment confirming that the snowmobile in question falls within the statutory definition of an "underinsured motor vehicle" because that definition encompasses an "uninsured motor vehicle," and because the snowmobile in question was not licensed for highway use;

C. That the court issue an order and enter judgment declaring that 21st Century has no duty to provide coverage for the uninsured snowmobile under Policy No. 2978400, or pursuant to Alaska law, for the claim asserted by Mr. and Ms. Smith on behalf of A.M.; and

D. That the court provide such other and additional relief to 21st Century as the court deems just or equitable.

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 7 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 7 of 8

DATED at Anchorage, Alaska, this 14th day of November, 2012.

GUESS & RUDD P.C.
Attorneys for Plaintiff

By: s/ Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

Complaint for Declaratory Relief
21st Century Premiere Ins. Co. v. Smith, et al, Case No. 4:12-cv-_____
Page 8 of 8
Case 4:12-cv-00029-RRB   Document 1   Filed 11/15/12   Page 8 of 8