IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| 21st CENTURY PREMIER INSURANCE COMPANY,<br>                    Plaintiff,<br>v.<br>LEXINE Z. SMITH, BENJAMIN D. SMITH, and LEXINE Z. SMITH and BENJAMIN D. SMITH AS PARENTS AND GUARDIANS OF A.M., A MINOR CHILD<br>                    Defendants, | Case No. 4:12-cv-00029-RRB |

## ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM

Lexine Z. Smith and Benjamin D. Smith as parents and guardians of A.M., a minor child (hereinafter collectively "A.M."), through counsel, hereby answer the plaintiff's complaint and file counterclaims as follows:

### ANSWER

1. Denied for lack of knowledge.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. It is denied that K.N. failed to stop before attempting to cross the Mitchell Expressway. It is admitted that the snowmobile was struck while it was on the expressway.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. A.M. hereby re-alleges and incorporates by reference all of his answers to the previous allegations contained in paragraphs 1 through 15, as though fully set forth herein.

17. It is admitted that 21st Century has accurately set forth the terms of its uninsured/underinsured motorist bodily injury coverage.

18. Denied. The snowmobile at issue operated on a single track.

19. A.M. hereby re-alleges and incorporates by reference all of his prior answers contained in paragraphs 1 through 18, as though fully set forth herein.

20. It is admitted that 21st Century's policy does not provide uninsured motorist bodily injury coverage for a motor vehicle which is being operated on "crawler treads". It is denied that the snowmobile at issue was being operated on crawler treads but was being operated on a single track.

21. Admit.

22. Admit. It is further alleged, however, that to qualify as an uninsured motor vehicle, the vehicle at issue must meet two tests: 1) It must be uninsured, and; 2) it must be a motor vehicle. The motor vehicle at issue in this matter meets both of these tests.

23. Denied. Simply because Alaska law requires that an insurer provide a single combined uninsured/underinsured motorist coverage does not mean that the definition of what is an uninsured or underinsured motor vehicle is the same.

## COUNTERCLAIM
## Common Allegations

1. A.M. is a resident of the Smith's household and is biological son of Lexine Smith and is therefore considered an additional insured under 21st Century's automobile insurance Policy No. 2978400 (hereinafter "the policy"). Said policy was in effect on March 9, 2012, and provides for uninsured and underinsured motorist coverage for bodily injury up to $300,000 per person/$300,000 per accident.

2. On March 9, 2012, A.M. was a passenger on a snowmobile being driven by K.N. The snowmobile was an uninsured motor vehicle under the above policy and under Alaska law.

3. K.N. operated his snowmobile in a negligent manner in that he entered the Mitchell Expressway before determining it was safe to enter that highway.

4. Under the policy 21st Century is liable to A. M. for all damages A.M. suffered as result of K.N.'s negligence but 21st Century has wrongfully failed and refused to pay for the same.

5. While on the Mitchell Expressway, A.M. was struck by a Dodge truck being driven by Bryan Jordan and he suffered personal injury as a result of that collision.

6. Bryan Jordan operated his vehicle in a negligent /negligent per se manner in that he failed to have his lights illuminated even though it was dark and he was lawfully required to have his lights illuminated at the time of the crash.

7. Mr. Jordan's insurance company, USAA, has paid liability policy limits on their policy and therefore Mr. Jordan's vehicle qualifies as a underinsured motor vehicle under the 21st Century policy.

8. 21st Century has wrongfully denied that the snowmobile was an underinsured motor vehicle and has failed and refused to pay any damages suffered by A.M. for the fault attributable to Mr. Jordan for driving his vehicle without his lights being illuminated when required to illuminated by common sense and Alaska law.

## FIRST CLAIM FOR DECLARATORY RELIEF

1. A.M. re-alleges and incorporates by reference all prior allegations of his answer and counterclaim as though fully set forth herein.

2. 21st Century's policy defines an uninsured motor vehicle as a land motor vehicle or trailer of any type for which there is no policy or bond providing liability coverage at the time of the accident.

3. The snowmobile at issue operates on a single track and does not have crawler treads. A crawler refers to a type of heavy equipment commonly known as a dozer and which operates on two separate metal structures consisting of individual pads or treads. Crawler treads are commonly understood in the State of Alaska to refer to

the metal devices by which a dozer or other similar piece of heavy equipment moves across the ground.

4. There are no policy exclusions that are applicable to the snowmobile under the uninsured motor vehicle provisions and that vehicle is thus subject to uninsured motor vehicle insurance limit of $300,000 per person/$300,000 per accident.

## SECOND CLAIM FOR DECLARATORY RELIEF

5. A.M. hereby re-alleges and incorporates by reference all of the prior answers and allegations contained in his answer and counterclaim as though fully set forth herein.

6. AS 28.22.101(e) requires a motor vehicle policy to provide coverage under AS 28.22 201-28.22.231 for "persons insured under the policy who are legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury … arising out of the ownership, maintenance, or use of the uninsured or underinsured motor vehicle."

7. Under AS 28.90.990(15) the snowmobile at issue qualifies as a motor vehicle under Alaska law and because the motor vehicle did not have any insurance it is qualified as an uninsured motor vehicle under Alaska law.

8. The definition for underinsured motor vehicle has no applicability whatsoever to the definition for an uninsured motor vehicle under Alaska law.

9. Regardless of the terms of the policy 21st Century must provide coverage for the uninsured snowmobile as required by the Alaska Mandatory Insurance Act.

Answer and Counterclaim
21st Century v. Smith
Page 5 of 8
Case 4:12-cv-00029-RRB   Document 4   Filed 12/11/12   Page 5 of 9

## FIRST CLAIM FOR NEGLIGENCE

9. A.M. repeats all prior allegations in this complaint as if fully set forth herein.

10. Bryan Jordan was negligent for operating his Dodge truck without his driving lights on making his truck more difficult to detect because it was not properly illuminated as required by Alaska law and common sense. Bryan Jordan's negligence was a legal cause of the damages suffered by A.M.

11. Bryan Jordan's vehicle qualifies as underinsured motor vehicle under the above policy and 21st Century is thus liable for all damages caused to A.M. by Bryan Jordan's negligence, in excess of his liability limits and up to the limits of their underinsured motorist coverage.

12. As a result of Bryan Jordan's negligence, A.M. has been damaged in an amount reasonably believed to be in excess of $100,000 the precise amount to be proven at trial.

13. A.M.'s damages include permanent impairment, pain and suffering, medical expenses, future medical care and other damages to be determined at trial.

## SECOND CLAIM FOR NEGLIGENCE

14. A.M. repeats all prior allegations in this complaint as if fully set forth herein.

15. K.N operated his snow machine in a negligent manner and that negligence was a legal cause of the damages suffered by A.M.

16. K.N.'s snowmobile qualifies as an uninsured motor vehicle under the *Alaska Mandatory Automobile Insurance Act*, and the policy, 21st Century is thus responsible for all damages to A.M. caused by K.N.'s negligence up to the policy limits.

17. As a result of K.N.'s negligence, A.M. has been damaged in an amount reasonably believed to be in excess of $100,000 the precise amount to be proven at trial.

18. A.M.'s damages include permanent impairment, pain and suffering, medical expenses, future medical care and other damages to be determined at trial.

WHEREFORE A.M. prays for the following relief:

1. That the court issues a declaratory judgment confirming that the snowmobile in question is an uninsured motor vehicle as defined in the policy.

2. That the court issues a declaratory judgment confirming that the snowmobile in question falls within the definition of an uninsured motor vehicle under the *Alaska Mandatory Automobile Insurance Act* and thus must be covered under the policy.

3. That the court issue an order and enter judgment for the damages A.M. is legally entitled to recover from 21st Century for the negligence of Bryan Jordan, who was operating an underinsured motor vehicle pursuant to 21st Century's policy and that A.M. is thus entitled to recover damages he suffered on behalf of Bryan Jordan's negligence from 21st Century under their underinsured motorist coverage policy.

4. That the court issue an order and enter judgment for the damages A.M. is legally entitled to recover for the negligence of K.N., who was operating an uninsured motor vehicle pursuant to 21st Century's policy and the *Alaska Mandatory Automobile*

Answer and Counterclaim
21st Century v. Smith
Page 7 of 8
Case 4:12-cv-00029-RRB   Document 4   Filed 12/11/12   Page 7 of 9

*Insurance Act* and that A.M. is thus entitled to recover damages he suffered on behalf of K.N.'s negligence under 21st Century's uninsured motorist coverage policy.

     5.    That the court provides such other and additional relief as is fair and equitable under the circumstances.

DATED this 11th day of December 2012.

                             /s/ Zane D. Wilson
                             Zane D. Wilson, #9111108
                             COOK SCHUHMANN & GROSECLOSE, INC.

**CERTIFICATE OF SERVICE**
This is to certify that on the 11th day of December 2012, a true and correct copy of the foregoing was served on:

Gary Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501

by first class mail, if an address is indicated above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

By:     /s/ Zane D. Wilson
Cook Schuhmann & Groseclose, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| 21st CENTURY PREMIER INSURANCE COMPANY,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>LEXINE Z. SMITH, BENJAMIN D. SMITH, and LEXINE Z. SMITH and BENJAMIN D. SMITH AS PARENTS AND GUARDIANS OF A.M., A MINOR CHILD<br>　　　　　　　Defendants, | Case No. 4:12-cv-00029-RRB |

## DEMAND FOR JURY TRIAL

Defendants, by and through counsel, hereby demands a jury trial of all issues so triable.

DATED this 11th day of December 2012.

　　　　　　　　　　　　　　　/s/ Zane D. Wilson
　　　　　　　　　　　　　Zane D. Wilson, #9111108
　　　　　　　　　　　　　COOK SCHUHMANN & GROSECLOSE, INC.

**CERTIFICATE OF SERVICE**
This is to certify that on the 11th day of December 2012, a true and correct copy of the foregoing was served on:

Gary Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501

by first class mail, if an address is indicated above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

By:　　/s/ Zane D. Wilson
Cook Schuhmann & Groseclose, Inc.