# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| 21ST CENTURY PREMIER INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>LEXINE Z. SMITH and BENJAMIN D. SMITH as PARENTS AND GUARDIANS OF A.M., A MINOR CHILD,<br><br>        Defendants. | Case No. 4:12-CV-00029-RRB<br><br>Opinion and Order Granting Defendants' Motion For Summary Judgment and Denying Plaintiff's Motion For Partial Summary Judgment |

**I.**     **INTRODUCTION**

This is an uninsured-motorist-coverage case arising from an accident involving a pickup truck and a snowmachine.[1] Before the Court is a declaratory judgment action filed by 21st Century Premier Insurance Company ("21st Century") against its insured, Defendants Lexine Z. Smith and Benjamin D. Smith, as parents and guardians of their minor child A.M., who was a passenger on the snowmachine. The parties have filed cross-motions for summary judgment at Docket Numbers 38 and 48. Because there are no facts in dispute, the Court's resolution of the issues before it depends

---

[1] In Alaskan vernacular, "snowmachine" is synonymous with "snowmobile."

solely on questions of law.² Moreover, because there are competing summary judgment motions requesting declaratory judgments, the Court's conclusions will dispose of the current litigation.

In as much as the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, oral argument is neither necessary nor warranted with regard to the instant matter.³

After careful consideration, and in light of the discussion below, the Court concludes that the snowmachine in this case was an "uninsured motor vehicle" under AS 21.96.020(c) at the time of the accident. Because the snowmachine was an "uninsured motor vehicle," 21st Century's exclusion denying coverage for vehicles operated on "crawler treads" is unenforceable under these facts. Summary judgment is granted in favor of Defendants.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.⁴

---

²Docket No. 39 at 2; Docket No. 49 at 2-3.

³*See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily, oral argument would not be required).

⁴*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**III.  BACKGROUND**

On March 9, 2012, on the Mitchell Expressway in Fairbanks, Alaska, A.M. was a passenger on a snowmachine driven by another minor, K.N., and was severely injured when the snowmachine was struck by a motor vehicle operated by Bryan Jordan.[5]  K.N. was driving the snowmachine westbound on the south side of the Expressway.[6]  K.N. was not on the Expressway, but traveling on the right side, off of the highway.[7]  Jordan, operating his Dodge truck, was traveling eastbound on the Expressway.[8]  The snowmachine entered the Expressway directly in front of Jordan's vehicle and collided with it.[9]

Jordan's insurance company, USAA, paid its liability policy limits of $50,000.00 to A.M.[10]  At the time of the accident, the Smiths had an automobile insurance policy with 21st Century.[11]  A.M. is an additional insured under the policy, which provides for uninsured and underinsured motorist coverage for bodily injury up to $300,000.00 per person/$300,000.00 per accident, subject to the policy's definition of uninsured and underinsured motor vehicles.[12]  The uninsured provision of this policy is at the core of this dispute.

---

[5] Docket No. 39 at 2.

[6] Docket No. 49 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.*

## IV. DISCUSSION

### A. The snowmachine was an "uninsured vehicle" under AS 21.96.020(c).

Because there is no definition of "uninsured motor vehicle" to be found in the Alaska Mandatory Automobile Insurance Act ("AMAIA"), this Court is tasked with determining whether or not the snowmachine in this case, on which A.M. was a passenger, qualifies as an "uninsured motor vehicle" for purposes of uninsured motor vehicle coverage. The Court notes, however, that Alaska law *does* define "*under*insured motor vehicle":

> "underinsured motor vehicle" means a motor vehicle licensed for highway use with respect to ownership, operation, maintenance, or use for which there is a bodily injury or property damage insurance policy or a bond applicable at the time of an accident and the amount of insurance or bond is less than the amount the covered person is legally entitled to recover for bodily injury or property damage from the owner or operator of the underinsured motor vehicle . . . .[13]

21st Century reasons that because "[t]here is no separate stand-alone definition of 'uninsured motor vehicle' under the" AMAIA and because "Alaska courts will treat issues relating to uninsured and underinsured motorist coverage identically[,]"[14] the definition of "uninsured motor vehicle" under AS 21.96.020(c) should mirror the definition of "underinsured motor vehicle" under the Act, requiring vehicles to be "licensed for highway use."[15] Based on such reasoning, 21st Century argues that a snowmachine is not an "uninsured motor vehicle" under AS 21.96.020(c) because a snowmachine is not "licenced for highway use."[16] Therefore, 21st Century claims that AS

---

[13] AS 28.90.990(28) (2012) (emphasis added).

[14] Docket No. 49 at 13 (citing *McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 719 (Alaska 2013)).

[15] *Id.* at 13-14 (quoting AS 28.90.990(28) (2012)).

[16] *Id.* at 14.

4

21.96.020(c) does not prohibit it from excluding snowmachines from its uninsured motor vehicle coverage.[17] In light of the discussion below, 21st Century's argument fails.

"Interpretation of a statute is a question of law that we review using our independent judgment."[18] The Court should "'adopt the rule of law that is most persuasive in light of precedent, reason, and policy.'"[19] The Court must "interpret statutes 'according to reason, practicality, and common sense . . . .'"[20] Furthermore, "[t]here is no question that a remedial statute is to be liberally construed to effectuate its purposes."[21]

Under AS 21.96.020(c), an insurance company offering automobile liability for bodily injury or death must offer coverage for the protection of the persons insured under the policy who are legally entitled to recover damages for bodily injury or death from owners or operators of uninsured or underinsured motor vehicles.[22] Moreover, uninsured- and underinsured-motorists coverage must be a single combined coverage.[23]

---

[17] *Id.* at 19.

[18] *Schweitzer v. Salamatof Air Park Subdivision Owners, Inc.*, 308 P.3d 1142, 1147 (Alaska 2013) (citing *Anderson v. Alyeska Pipeline Serv. Co.*, 234 P.3d 1282, 1286 (Alaska 2010)).

[19] *Id.* (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

[20] *McDonnell*, 299 P.3d at 721 (quoting *Nelson v. Municipality of Anchorage*, 267 P.3d 636, 639 (Alaska 2011)).

[21] *State for Use of Smith v. Tyonek Timber, Inc.*, 680 P.2d 1148, 1157 (Alaska 1984).

[22] *Accord* AS 28.22.101(e) (2012); *Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 513 (Alaska 1998).

[23] AS 28.20.445(e)(2) (2012).

The Alaska Supreme Court has emphasized the broad reach of the mandatory uninsured and underinsured coverage under the AMAIA: "All that the statutory coverage requires is that the person injured be insured and that he or she be entitled to recover damages from the operator of the uninsured motor vehicle arising out of the use of the uninsured motor vehicle."[24] "Statutory coverage bears no relationship to the occupancy of any particular motor vehicle by the person insured."[25] Moreover, the Alaska Supreme Court has explained that insureds are covered

> "when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick. . . . [O]nce uninsured motorist coverage is purchased, the insured and his relatives insured for liability have insured motorist protection under all circumstances. Uninsured motorist coverage, like no fault coverage, is personal and portable."[26]

Under AS 28.39.250, a snowmachine is "a self-propelled vehicle primarily designed or altered for travel on snow or ice when supported in part by skis, belts, or cleats . . . ." According to AS 28.10.011, "[e]very vehicle driven, moved, or parked upon a highway or other public parking place in the state shall be registered under this chapter . . . ." The only relevant exception to this requirement falls under Subsection (1): Except when the vehicle is driven or moved on a highway only for the purpose of crossing the highway from one *private* property to another. Prior to the accident, the snowmachine here was being driven on the right side of the Expressway, not on private property. The snowmachine was then driven onto the Expressway in an attempt to cross the highway. Because the snowmachine was being driven from one public area or part of a highway

---

[24]*Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1251-52 (Alaska 1988).

[25]*Id.*

[26]*Id.* (quoting *Bradley v. Mid–Century Ins. Co.*, 294 N.W.2d 141, 152 (Mich. 1980)).

6

onto another part of the highway, the exception of Subsection (1) does not apply.[27] Consequently, immediately before the accident and at the time of the accident, the snowmachine in question was being driven "upon a highway or other public parking space" and was required to be registered under AS 28.10.011.[28]

More importantly, under AS 28.22.011(a), "[t]he operator or owner of a motor vehicle subject to registration under *AS 28.10.011* when driven on a highway, vehicular way or area, or on other public property in the state, *shall be insured under a motor vehicle liability policy . . . .*"[29] Although the case before the Court arguably presents an exceptional application of the quoted registration statute, the facts and law before the Court are clear. Alaska law required the involved snowmachine to be registered and to carry liability insurance when it was driven beside and on the Expressway.[30] This is not to say that all snowmachines must be insured under a motor vehicle

---

[27]*See* Docket No. 62-6 at 1-2.

[28]21st Century contends that including snowmachines in the definition of "uninsured motor vehicles" would be contrary to legislative intent because it would allow such vehicles as motorized wheelchairs and golf carts to be categorized as "uninsured motor vehicles." Docket No. 61 at 11-12. However, AS 28.10.011's registration requirements do not apply to "electric personal motor vehicle[s]." AS 28.10.011(12).

[29]Emphasis added.

[30]In Alaska, it is not uncommon for snowmachines to be driven on highways and on other public parking spaces because a significant portion of Alaska's inhabitants use snowmachines as a primary vehicle. *See* Docket No. 62-1 at 1-8 (Snowmachines driven on Kotzebue's public roads, and those driven to Kotzebue from surrounding communities, must be insured under a liability insurance policy). Additionally, 21st Century's legislative-intent argument supports the Court's conclusion that the snowmachine here was an uninsured vehicle. In the late 1980s, when "uninsured/underinsured motorist coverage was discussed as part of the no-fault insurance movement in Alaska[,]" the focus of the discussions was primarily on vehicles being driven on highways. Docket No. 61 at 15 (citing SLA 1989, ch. 108, §§ 3, 5, 7, 9, 10; 1st Sess. 16th legislature (CSHB 44), 1/9/89, Labor & Commerce and Finance Committee, Co-Chairman Ronald Larson). Because snowmachines are arguably the primary vehicle in many parts of

7

policy. Snowmachines utilizing private trails and routes that are not part of a highway, vehicular way or area, or other public property would generally not be so required. But the Alaska Supreme Court would likely conclude that snowmachines operating upon a highway, vehicular way or area, or other public property should carry liability coverage and that failure to do so would bring into play an injured party's uninsured-motorist coverage.

Therefore, the Court concludes that, despite not being licensed for highway use, the snowmachine ridden by A.M. was an "uninsured motor vehicle" under AS 21.96.020(c) at the time that it was struck by Jordan's vehicle.[31] Such statutory interpretation is supported by the Alaska Supreme Court's broad application of the mandatory uninsured and underinsured coverage under the AMAIA[32] and by the court's exhortation to liberally construe remedial statutes.[33]

---

Alaska, they are often driven on highways and were intended by the Alaska legislature to be regulated by the AMAIA. 21st Century's own language in the Smith's policy even defines a snowmachine as an "uninsured vehicle." Docket No. 3 at 7; Docket No. 61 at 11; Docket No. 39-6 at 3; Docket No. 39-7 at 12.

[31]AS 28.90.990(16) (2012) ("'[M]otor vehicle' means a vehicle which is self-propelled except a vehicle moved by human or animal power . . . ."); *see Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1238 (Alaska 2005) ("[A] vehicle's status as a motor vehicle depends on whether the vehicle was designed or constructed to be self-propelled . . . ." (quoting *Williams v. State*, 884 P.2d 167, 169 (Alaska App. 1994)) (internal quotation marks omitted)).

[32]*See Hillman*, 758 P.2d at 1251-52.

[33]*State for Use of Smith*, 680 P.2d at 1157.

**B.    21st Century's "crawler treads" exclusion is barred in this instance**.

21st Century claims that its crawler-tread exclusion in the Smith's liability policy is allowed under the AMAIA.[34] However, "'[i]nsurers are not permitted to issue policies containing provisions that reduce the scope of coverage below the legal minimum.'"[35] An insurer cannot limit what constitutes an "uninsured motor vehicle" by defining that term more narrowly than it is defined in the statute.[36]

As previously explained, the AMAIA, under AS 21.96.020(c), requires insurers to provide uninsured/underinsured coverage for the protection of the persons insured under the policy who are legally entitled to recover damages for bodily injury or death from owners or operators of uninsured or underinsured motor vehicles. The Alaska Supreme Court has expounded upon what insurers cannot exclude when providing such coverage:

> "Insurers or carriers writing automobile liability insurance and reciprocal uninsured motorist insurance are not permitted by law to insert provisions in the policies that they issue that exclude or reduce the liability coverage prescribed by law for the class

---

[34]Docket No. 61 at 1-2. 21st Century also contends that if snowmachines were covered under an automobile policy's uninsured/underinsured coverage, there would be no reason for insurance companies to offer separate and targeted coverage for snowmachines, which is the current practice. Docket No. 61 at 20 n. 44. The linchpin of the current dispute is the fact that the snowmachine in question was being driven on a highway when the accident occurred. Separate and targeted coverage for snowmachines would still be needed where snowmachines were not being driven on highways or on other public property.

[35]*Kalenka v. Infinity Ins. Cos.*, 262 P.3d 602, 610 (Alaska 2011) (quoting *Burton v. State Farm Fire & Cas. Co.*, 796 P.2d 1361, 1363 (Alaska 1990)).

[36]*See id.* ("Infinity cannot limit what constitutes 'use' of a vehicle by defining that term more narrowly than it is defined in the statute.").

of persons insured thereunder who are legally entitled to recover damages from owners or operators of motor vehicles because of bodily injury."[37]

Furthermore:

> "The purpose of the statute is to protect completely, those willing to accept its protection, from all harm, whatever their status—passenger, driver, pedestrian—at the time of injury, produced by uninsured motorists. The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover."[38]

Thus, it is clear that the only requirements for being entitled to uninsured/underinsured coverage under a valid policy where such coverage has not been waived is to (1) be an insured under the policy (2) who is legally entitled to recover damages for bodily injury or death from (3) owners or operators of uninsured or underinsured motor vehicles. Moreover, the policy definitions applied to these three requirements cannot be more restrictive than the statute that outlines such requirements.[39]

Here, 21st Century has limited its definition of "uninsured motor vehicles" by excluding "any land vehicle, trailer, or equipment of any type . . . that is operated on rails or crawler treads."[40] Without reaching the question of whether or not the term "crawler treads" applies to snowmachines generally, the Court concludes that because A.M. and the accident fall within the AMAIA's uninsured-coverage provisions, the crawler-tread exclusion in the Smith's uninsured/underinsured coverage definition of "uninsured motor vehicles" is invalid and unenforceable under these facts.

---

[37]*Hillman*, 758 P.2d at 1251-52 (quoting *Mullis v. State Farm Mut. Auto. Ins. Co.*, 252 So.2d 229, 234 (Fla. 1971)).

[38]*Id.* (quoting *Elledge v. Warren*, 263 So.2d 912, 918-19 (La. Ct. App. 1972)).

[39]*See Kalenka*, 262 P.3d at 610 (quoting *Burton*, 796 P.2d at 1363).

[40]Docket No. 3 at 5.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion For Summary Judgment at **Docket Number 38** is **GRANTED**, and Plaintiff's Motion For Partial Summary Judgment at **Docket Number 48** is **DENIED**. Oral argument is unnecessary. Therefore, Defendant's request for oral argument at **Docket Number 63** is **DENIED**, and Plaintiff's request for oral argument at **Docket Number 65** is **DENIED**. Plaintiff's Motion For Judicial Notice at **Docket Number 68** is **GRANTED**.

**ORDERED** this 11th day of February, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE